# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS - HOUSTON DIVISION

| | |
|---|---|
| **LARHONDA BIGGLES, as ADMINISTRATRIX OF THE ESTATE OF JAQUAREE SIMMONS** | |
| Plaintiff, | Civil Action No. _____ |
| v. | |
| **HARRIS COUNTY, TEXAS** | **JURY TRIAL DEMANDED** |
| AND | |
| **HARRIS COUNTY SHERIFF'S OFFICE** | |
| AND | |
| **HARRIS COUNTY SHERIFF ED GONZALEZ** | |
| AND | |
| **JOHN DOE DETENTION GUARDS 1-10** | |
| AND | |
| **DETENTION OFFICER GARLAND BARRETT** | |
| AND | |
| **DETENTION OFFICER PATRICIA BRUMMETT** | |
| AND | |
| **DETENTION OFFICER JOSHUA DIXON** | |
| AND | |
| **DETENTION OFFICER ALYSHEIA MALLETY** | |
| AND | |
| **DETENTION OFFICER ISRAEL MARTINEZ** | |
| AND | |
| **DETENTION OFFICER ERIC MORALES** | |

|  | : |
| --- | --- |
| **AND** | : |
|  | : |
| **DETENTION OFFICER ALFREDO RODRIGUEZ** | : |
|  | : |
| **AND** | : |
|  | : |
| **DETENTION OFFICER DANIEL RODRIGUEZ** | : |
|  | : |
| **AND** | : |
|  | : |
| **DETENTION OFFICER CHADWICK WESTMORELAND** | : |
|  | : |
| **AND** | : |
|  | : |
| **DETENTION OFFICER ANTONIO BARRERA** | : |
|  | : |
| **AND** | : |
|  | : |
| **DETENTION OFFICER JEREMY MCFARLAND** | : |
|  | : |
| **AND** | : |
|  | : |
| **DETENTION OFFICER ALEXANDRA SAUCIER** | : |
|  | : |
| **AND** | : |
|  | : |
| **DETENTION OFFICER RALPH TAMAYO** | : |
|  | : |
| **AND** | : |
|  | : |
| **DEPUTY DANA WALKER** | : |
|  | : |
| **AND** | : |
|  | : |
| **SGT. BENNY GALINDEZ** | : |
|  | : |
| **AND** | : |

**DETENTION SGT. RENE VILLALOBOZ**

**AND**

**DETENTION SGT. JACOB RAMIREZ**

AND

**JOHN DOE JAIL DOCTORS 1-5**

AND

**JOHN DOE JAIL DOCTORS 1-5**

       **Defendants.**

**PLAINTIFF'S EMERGENCY MOTION FOR LEAVE TO CONDUCT EARLY DISCOVERY PURSUANT TO RULE 26(d)(1).**

  **NOW COMES** LaRhonda Biggles, as administrator for the Estate of Jaquaree Simmons, Plaintiff, by and through undersigned counsel, respectfully moves this Court for leave to conduct early discovery and in support thereof, avers as follows:

1. This matter arises out of the fatal beating of Plaintiff's decedent on February 16, 2021 by correction officers within the Harris County Sheriff's Office (HCSO) at the Harris County Jail.

2. On February 28, 2021, Plaintiff's Counsel sent a letter to Defendant HSCO requesting, among other materials, documents and information that would identify the correctional officers involved, and their specific involvement in the killing.

3. However, Plaintiff's Counsel received no response to this letter.

4. Defendant HCSO publicly announced on May 28, 2021, that the following correctional officers had been terminated because of their involvement in the killing of Plaintiff's decedent, all of whom are named defendants in Plaintiff's Complaint:

   a. Defendant Garland Barrett;

   b. Defendant Patricia Brummett;

   c. Defendant Joshua Dixon;

   d. Defendant Alysheia Mallety;

   e. Defendant Israel Martinez;

   f. Defendant Eric Morales;

   g. Defendant Jacob Ramirez;

   h. Defendant Alfredo Rodriguez;

   i. Defendant Daniel Rodriguez;

   j. Defendant Dana Walker; and

   k. Defendant Chadwick Westmoreland.

5. Defendant HCSO also publicly announced on May 28, 2021, that the following correctional officers had been subject to disciplinary action because of their involvement in the killing of Plaintiff's decedent, all of whom are named defendants in Plaintiff's Complaint:

   a. Defendant Antonio Barrera;

b. Defendant Benny Galindez;

   c. Defendant Jeremy McFarland;

   d. Defendant Alexandra Saucier;

   e. Defendant Ralph Tamayo; and

   f. Defendant Rene Villaloboz.

6. However, to date, Defendant HCSO has refused to publicly identify the specific conduct each correctional officer was responsible for in the killing of Plaintiff's decedent.

7. Defendant HSCO also publicly announced on May 28, 2021, that medical staff at the Harris County Jail prescribed an X-Ray for Plaintiff's decedent after he was beaten, but sent him back to his cell after evaluation and never brought him back for an X-Ray.

8. However, Defendant HCSO has never publicly identified the medical staff who treated Plaintiff's decedent.

9. On November 2, 2021, Plaintiff's Counsel and Plaintiff met with Harris County Assistant District Attorney Kimberly Clark, who was investigating potential criminal charges against the correctional officers.

10. At that meeting, ADA Clark indicated she was unable to identify the specific actions of the correctional officers who were fired or disciplined for their involvement in the killing of Plaintiff's decedent.

11. On February 28, 2022, Plaintiff's Counsel emailed ADA Clark asking if there was any updates or new information in the pending criminal investigation. ADA Clark responded saying there were none.

12. On June 2, 2022, ADA Clark emailed Plaintiff's Counsel stating that the criminal investigation was ongoing and that she had no new information to share.

13. On July 26, 2022, Plaintiff's Counsel submitted a Right to Know Request to HCSO requesting documents and information that would have revealed the identities of the medical staff who treated Plaintiff's decedent.

14. On August 5, 2022, Harris County Attorney Lisa Hulsey responded to Plaintiff's Right to Know Request, stating the requested information would not be disclosed.

15. Plaintiff has never been permitted to view surveillance footage from inside the jail, learn the specific conduct of the correctional officers involved, or learn the identities of the medical staff responsible for the treatment of Plaintiff's decedent.

16. The statute of limitations as to the wrongful death claim against all of the named defendants will expire on February 15, 2023.

17. Plaintiff therefore respectfully submits this Motion and requests the Court to order HCSO to answer the following three (3) interrogatories within ten (10) days:

   a. Identify the specific actions/conduct of Defendants Garland Barrett, Patricia Brummett, Joshua Dixon, Alysheia Mallety, Israel Martinez, Eric Morales, Jacob Ramirez, Alfredo Rodriguez, Daniel Rodriguez, Dana Walker, and Chadwick Westmoreland on February 16-17, 2021, that resulted in their termination.
   b. Identify the specific actions/conduct of Defendants Antonio Barrera, Benny Galindez, Jeremy McFarland, Alexandra Saucier, Ralph Tamayo, and Rene Villaloboz on February 16-17, 2021, that resulted in disciplinary actions against them.
   c. Identify all Harris County Jail medical staff who provided treatment to Plaintiff's decedent from February 15, 2021, to February 17, 2021.

18. Plaintiff further respectfully submits this Motion and requests the Court to order HCSO to provide responses to the following one (1) request for production within ten (10) days:

   a. Produce any/all surveillance footage from the cell block in the Harris County Jail where Jaquaree Simmons was an inmate from February 15, 2021, through February 17, 2021.

19. A copy of Plaintiff's proposed interrogatories and request for production are attached hereto as "**Exhibit A**."

20. Extreme prejudice to the Plaintiff will occur if this motion is not granted, as Plaintiff has no other means of identifying the specific actions of the correctional officers involved, or the medical staff who were responsible for the treatment of Plaintiff's decedent.

21. The Court has authority to permit this limited discovery under Federal Rule of Civil Procedure 26(d)(1).

22. Further, "Where a plaintiff has timely plead viable factual allegations against John Doe defendants, it is an abuse of discretion for the court to refuse discovery of their identities during the limitations period." *Crisp v. Dutton*, 2015 U.S.Dist. LEXIS 153021, at *15 (W.D.Tex. Nov. 12, 2015) (citing *Green v. Doe*, 260 Fed. Appx. 717, 719 (5th Cir. 2007).

**WHEREFORE**, for the reasons cited herein, Plaintiff requests leave to conduct limited early discovery to identify the specific actions of the correctional officers involved in this matter, as well as the identities of the medical staff responsible for treatment of Plaintiff's decedent, prior to the expiration of the statute of limitations.

Respectfully submitted,

*/s/ John J. Coyle*
John J. Coyle, Esq.
123 S. Broad Street, Suite 2250
Philadelphia, PA 19109

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS - HOUSTON DIVISION

| | |
|---|---|
| LAROHNDA BIGGLES, as ADMINISTRATRIX OF THE ESTATE OF JAQUAREE SIMMONS | : <br> : <br> : |
| Plaintiff, | : Civil Action No. _____ |
| v. | : |
| | : JURY TRIAL DEMANDED |
| HARRIS COUNTY, TEXAS | : |
| AND | : |
| HARRIS COUNTY SHERIFF'S OFFICE | : |
| AND | : |
| HARRIS COUNTY SHERIFF ED GONZALEZ | : |
| AND | : |
| JOHN DOE DETENTION GUARDS 1-10 | : |
| AND | : |
| DETENTION OFFICER GARLAND BARRETT | : |
| AND | : |
| DETENTION OFFICER PATRICIA BRUMMETT | : |
| AND | : |
| DETENTION OFFICER JOSHUA DIXON | : |
| AND | : |
| DETENTION OFFICER ALYSHEIA MALLETY | : |
| AND | : |
| DETENTION OFFICER ISRAEL MARTINEZ | : |
| AND | : |

| DETENTION OFFICER ERIC MORALES | : |
| AND | : |
| DETENTION OFFICER ALFREDO RODRIGUEZ | : |
| AND | : |
| DETENTION OFFICER DANIEL RODRIGUEZ | : |
| AND | : |
| DETENTION OFFICER CHADWICK WESTMORELAND | : |
| AND | : |
| DETENTION OFFICER ANTONIO BARRERA | : |
| AND | : |
| DETENTION OFFICER JEREMY MCFARLAND | : |
| AND | : |
| DETENTION OFFICER ALEXANDRA SAUCIER | : |
| AND | : |
| DETENTION OFFICER RALPH TAMAYO | : |
| AND | : |
| DEPUTY DANA WALKER | : |
| AND | : |
| SGT. BENNY GALINDEZ | : |
| AND | : |
| DETENTION SGT. RENE VILLALOBOZ | : |
| AND | : |

**DETENTION SGT. JACOB RAMIREZ**

**AND**

**JOHN DOE JAIL DOCTORS 1-5**

**AND**

**JOHN DOE JAIL DOCTORS 1-5**

                              **Defendants.**

## CERTIFICATE OF CONFERENCE

A conference was not held as no counsel has entered an appearance for Defendant Harris County Sherriff's Office.

## CERTIFICATE OF SERVICE

This shall be filed with the Court's electronic filing system and served upon Defendant Harris County Sherriff's Office via personal service.

                                                  */s/ John J. Coyle*
John J. Coyle, Esq.
123 S. Broad Street, Suite 2250
Philadelphia, PA 19109
(215) 545-8800
(215) 545-8805 (fax)
jcoyle@mceldrewpurtell.com

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS - HOUSTON DIVISION

| | |
|---|---|
| LARHONDA BIGGLES, as ADMINISTRATRIX OF THE ESTATE OF JAQUAREE SIMMONS | : : : |
| Plaintiff, | : Civil Action No. _____ |
| v. | : |
| HARRIS COUNTY, TEXAS | : JURY TRIAL DEMANDED |
| AND | : |
| HARRIS COUNTY SHERIFF'S OFFICE | : |
| AND | : |
| HARRIS COUNTY SHERIFF ED GONZALEZ | : |
| AND | : |
| JOHN DOE DETENTION GUARDS 1-10 | : |
| AND | : |
| DETENTION OFFICER GARLAND BARRETT | : |
| AND | : |
| DETENTION OFFICER PATRICIA BRUMMETT | : |
| AND | : |
| DETENTION OFFICER JOSHUA DIXON | : |
| AND | : |
| DETENTION OFFICER ALYSHEIA MALLETY | : |
| AND | : |
| DETENTION OFFICER ISRAEL MARTINEZ | : |
| AND | : |
| DETENTION OFFICER ERIC MORALES | : |

|  | : |
| --- | --- |
| **AND** | : |
|  | : |
| **DETENTION OFFICER ALFREDO RODRIGUEZ** | : |
|  | : |
| **AND** | : |
|  | : |
| **DETENTION OFFICER DANIEL RODRIGUEZ** | : |
|  | : |
| **AND** | : |
|  | : |
| **DETENTION OFFICER CHADWICK WESTMORELAND** | : |
|  | : |
| **AND** | : |
|  | : |
| **DETENTION OFFICER ANTONIO BARRERA** | : |
|  | : |
| **AND** | : |
|  | : |
| **DETENTION OFFICER JEREMY MCFARLAND** | : |
|  | : |
| **AND** | : |
|  | : |
| **DETENTION OFFICER ALEXANDRA SAUCIER** | : |
|  | : |
| **AND** | : |
|  | : |
| **DETENTION OFFICER RALPH TAMAYO** | : |
|  | : |
| **AND** | : |
|  | : |
| **DEPUTY DANA WALKER** | : |
|  | : |
| **AND** | : |
|  | : |
| **SGT. BENNY GALINDEZ** | : |
|  | : |
| **AND** | : |
| **DETENTION SGT. RENE VILLALOBOZ** | |
| **AND** | |
| **DETENTION SGT. JACOB RAMIREZ** | |

AND

**JOHN DOE JAIL DOCTORS 1-5**

AND

**JOHN DOE JAIL DOCTORS 1-5**

                              **Defendants.**

### PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT HARRIS COUNTY SHERIFF'S OFFICE

The Plaintiff, LaRhonda Biggles, Administratrix of the Estate of Jaquaree Simmons ("Plaintiff") by and through undersigned counsel, hereby requests answers under oath from the Defendant, the Harris County Sheriff's Office ("HCSO") to the following interrogatories and requests for production of documents within ten (10) days and in the manner prescribed by Federal Rule of Civil Procedure 26(d)(1). The nature of this cause of action involves the personal injuries and subsequent death sustained by Jaquaree Simmons while in the custody of the Harris County Jail on February 16, 2021, through February 17, 2021.

### DEFINITIONS AND INSTRUCTIONS

A.     "You" or "your" refers to Plaintiff(s) herein and to all other persons acting or purporting to act on behalf of Plaintiff(s), including agents and employees.

B.     "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, correspondence, notes, telegrams, telexes, advertisements, facsimiles, e-mail, or other forms of verbal and/or communicative intercourse.

C. "Documents" shall mean all written or graphic matter of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including but not limited to: written communications, letters, correspondence, facsimiles, e-mail, memoranda, minutes, notes, films, recordings of any type, transcripts, contracts, agreements, purchase or sales orders, memoranda of telephone conversations or personal conversations, diaries, desk calendars, interoffice communications, reports, studies, bills, receipts, checks, checkbooks, invoices, requisitions or material similar to any of the foregoing however denominated, by whomever prepared, and to whomever addressed, which are in your possession, custody or control.

D. "Persons" means an individual, corporation, partnership, trust, associations, company, organization, or any form of a business or commercial entity.

E. For purposes of this discovery request "Identify" is defined as the following:
   a. when used with respect to an individual, means to state (a) their name; (b) business affiliation and official title and/or position; and (c) their last known residential and business address.
   b. when used with respect to a document, means to state (a) the type of document (e.g. letter, memorandum, hand-written note, facsimile, e-mail); (b) its date of origin or creation; (c) its author and addressee; (d) its last known custodian or locations; and (e) a brief description of its subject matter and size. In lieu of identifying any document(s), you may attach a copy of it to your answer, indicating the question to which it is responsive.
   c. when used with respect to a company or other business entity, means to state,

(a) the company's legal name, any former names, and the name under which it trades or does business; (b) the address of its principal place of business; and (c) the identity of its chief executive officer.

F.     "Relate to" means consist of, refer to, reflect or be in any way logically connected with the matter discussed.

G.     The period of time encompassed by these requests shall be from the date of the alleged accident to the date of answering, unless otherwise indicated.

H.     For purposes of the Request, a statement includes:

    a. A written statement, signed or otherwise adopted or approved by the person making it, or

    b. A stenographic, mechanical, electronic, videographic or other recording, or a transcript thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

I.     All documents are to be produced in the original/natural format with accompanying metadata and/or audit trail.

J.     All documents are to be produced with consistent and sequential Bates stamping.

## INTERROGATORIES

1. Identify the specific actions/conduct of Defendants Garland Barrett, Patricia Brummett, Joshua Dixon, Alysheia Mallety, Israel Martinez, Eric Morales, Jacob Ramirez, Alfredo Rodriguez, Daniel Rodriguez, Dana Walker, and Chadwick Westmoreland on February 16-17, 2021, that resulted in their termination.

**ANSWER:**

2. Identify the specific actions/conduct of Defendants Antonio Barrera, Benny Galindez, Jeremy McFarland, Alexandra Saucier, Ralph Tamayo, and Rene Villaloboz on February 16-17, 2021, that resulted in disciplinary actions against them.

**ANSWER:**

3. Identify all Harris County Jail medical staff who provided treatment to Plaintiff's decedent from February 15, 2021, to February 17, 2021.

**ANSWER:**

# REQUEST FOR PRODUCTION

1. Produce any/all surveillance footage from the cell block in the Harris County Jail where Jaquaree Simmons was an inmate from February 15, 2021, through February 17, 2021.