## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **LASHONDA BIGGLES,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-cv-3326** |
| | § | **JUDGE CHARLES ESKRIDGE** |
| | § | |
| **HARRIS COUNTY, TEXAS,** *et. al*, | § | |
| **Defendants.** | § | |

### DEFENDANT PATRICIA BRUMMETT 'S AMENDED OPPOSED MOTION TO DISMISS ALL CLAIMS IN PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant PATRICIA BRUMMETT ("Detention Officer Brummett") files this Amended Opposed Motion to Dismiss All Claims in Plaintiffs' First Amended Complaint [Doc. #51] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of said motion, Detention Officer Brummett would respectfully show the Court as follows:

### I.    STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1.    This civil rights lawsuit stems from the death of Jaqueree Simmons, while incarcerated, on February 17, 2021. Plaintiff alleges claims pursuant to 42 U.S.C. Section 1983 and other federal statutes and state law theories against Harris County and its Detention Officers in the Harris County Sheriff's Office ("HCSO").  [Doc. #51].

### II.    STATEMENT OF ISSUE, SUMMARY OF ARGUMENT AND STANDARD OF REVIEW

A.    **Statement of Issue**

2.    Must all federal and state claims against Detention Officer Brummett be dismissed pursuant to Rule 12(b)(6) and Section 101.106(f) of the Texas Tort Claims Act?

### B.     Summary of Argument

3.      Detention Officer Brummett did not use excessive force upon Mr. Simmons, did not

fail to intervene when she had a duty to do so, and did not deprive him of medical care. Thus,

those claims are factually unsupported and must be dismissed. In addition, Detention Officer

Brummett has qualified immunity.

4.      Detention Officer Brummett respectfully submits that this Court lacks subject matter

jurisdiction for the Wrongful Death, Survival, Negligence, Gross Negligence, and Assault

and Battery and Loss of Consortium claims.

5.      Pursuant to section 101.106(f) of the Texas Civil Practices and Remedies Code,

Detention Officer Brummett requests that the Court dismiss all of Plaintiff's state tort claims

against her in her individual capacity.

### C.     Standard of Review

6.      **Rule 12(b)(6).** If a complaint fails to state a claim upon which relief can be granted,

a trial court may dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6). A

motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims stated in the

complaint and must be evaluated solely on the basis of the pleadings. *See Jackson v.

Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir.

1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will

not suffice. *Ashcroft,* 556 U.S. at 678-679. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

7.      To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

8.      "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (citation omitted). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *See Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of the cause of action in order to make

out a valid claim").

9.      "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 544. Thus, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)); *see also Hale*, 642 F.3d at 499. Conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *Taylor*, 296 F.3d at 378 (quoting *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993)).

D.      **The 42 U.S.C. § 1983 Claim Must Be Dismissed**

10.     To state a Fourth Amendment claim for excessive force, Plaintiff must allege facts capable of showing that Mr. Simmons suffered an (1) injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was (3) objectively unreasonable. *Pena v. City of Rio Grande, Texas*, 879 F.3d 613, 619 (5th Cir. 2014). This has not been alleged against Detention Officer Brummett, who used no force, much less excessive force, other than to make conclusory allegations against all detention officers.

11.     With respect to the Fourteenth Amendment claim of denial of medical care, there is no evidence that Detention Officer Brummett was subjectively deliberately indifferent to Mr.

Simmons's serious medical needs. *See Farmer v. Brennan*, 114 S. Ct. 1970, 1979 (1994). Indeed, Mr. Simmons was sent to the Harris County Jail infirmary for medical care.

12.     Additionally, Plaintiff appears to mix tort standards with federal standards. Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004).

**E.     All State Law Claims Must Be Dismissed**

13.     Plaintiff's loss of consortium claim appears based upon state law. To the extent it is asserted under federal law, it cannot survive dismissal. "[T]he general rule is that 'a litigant may only assert his own constitutional rights and immunities.'" *McGowan v. Maryland*, 366 U.S. 420, 429 (1961) (quoting *United States v. Raines*, 362 U.S. 17, 22 (1960)). Texas law recognizes claims of spousal and parental consortium, however, they are derivative, and, as a result, the defenses which bar all or part of the injured party's recovery have the same effect on the party asserting the loss of consortium claim. *See McNiel v. The Target Corp*., 4:09-cv-2463, 2010 WL 3303660 at *3 (S.D. Tex. August 19, 2010) (citing federal and state cases).

14.     Plaintiff pleads an assortment of tort claims against Detention Officer Brummett based upon Texas law: wrongful death, survival, negligence, gross negligence, assault and battery and loss of consortium. As have many states, Texas has enacted a limited statutory waiver of its sovereign immunity. See Texas Civil Practice and Remedies Code, chapter 101, the Texas Tort Claims Act ("TTCA"). Because plaintiffs frequently sought to avoid the

restrictions imposed by the TTCA by suing government employees, in 1985 the Texas Legislature enacted an election of remedies provision that barred any action by a claimant against a government employee whose act or omission gave rise to the claim where there is a judgment or a settlement of a claim involving the same subject matter. However, as the Texas Supreme Court noted in *Mission Consolidated ISD v. Garcia*, 253 S.W.3d 653 (Tex. 2008), the 1985 amendment did not prevent plaintiffs from pursuing alternative theories against both the governmental unit and its employees prior to obtaining a judgment or reaching a settlement. *Mission*, 253 S.W.3d at 655-56. Consequently, governmental units and their employees were required to expend considerable resources defending redundant claims brought under alternative theories of recovery. As part of Texas's comprehensive effort to reform its tort system in 2003, the Legislature amended section 101.106 of the TTCA, entitled "Election of Remedies." Section 101.106(f) now provides: "If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed." All tort theories alleged against a governmental entity, including intentional torts, and whether the governmental entity is sued alone or together with its employees, are assumed to be "under" the TTCA for purposes of section 101.106. *See Mission*, 253 S.W.3d at 656-57

(citing *Newman v. Obersteller*, 960 S.W.2d 621, 622 (1997)). The language of section 101.106(f) regarding dismissal is clear.

15.    When the employee files a motion based on section 101.106(f), the lawsuit shall be dismissed unless the plaintiff, within 30 days, repleads in a manner that dismisses the employee and names the governmental unit in place of the employee.  The first sentence in section 101.106(f) describes the necessary elements for dismissal. The first element is that the lawsuit must be filed against an employee of a governmental unit. The Complaint consistently identifies that Detention Officer Brummett is employed by Harris County and acted within the course and scope of employment. (Complaint at paras. 50, 62, 70, 79, 96 and 98.)

16.    The second element of section 101.106(f) is that the lawsuit must allege conduct that is within the general scope of that employee's employment. Once again, the Complaint states that "each of the acts complained of herein arise from the conduct of Detention Officer Brummett while acting in the scope of her employment." (*Id.*) The Plaintiff's judicial admission that Detention Officer Brummett's actions were with the course and scope of her employment is consistent with state law. In determining a police officer's status, courts ask "in what capacity was the officer acting at the time he committed the acts for which the complaint is made." *Blackwell v. Harris County*, 909 S.W.2d 135, 139 (Tex. App.—Houston [14th Dist.] 1995, writ denied). In this lawsuit, Plaintiff sues Detention Officer Brummett for torts arising from conduct within the general scope of her authority and for which they could have sued Harris County. The Texas Supreme Court has held that section 101.106(f)'s phrase

"could have been brought" applies to claims raised under the Act "regardless of whether the Act waives immunity from suit." *Franka v. Velasquez*, 332 S.W.3d 367, 375-81 (Tex. 2011). In other words, *Franka* mandates dismissal of a governmental employee sued in his/her individual capacity pursuant to section 101.106(f) even if the governmental employer's immunity is not waived by the Act. *Id.* In other words, section 101.106(f) applies even to tort claims for which the governmental unit has sovereign or governmental immunity: "Because the Tort Claims Act is the only, albeit limited, avenue for common law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be under the Tort Claims Act for purposes of section 101.106. Thus, even though the Texas Tort Claims Act does not waive immunity for the intentional tort claims brought by Donohue (i.e., false imprisonment, assault, and aggravated assault), those claims are still subject to section 101.106(f)." *Donohue v. Dominguez*, 486 S.W.3d 50, 55 (Tex. App.—San Antonio 2016, pet. denied) (quoting *Mission*, 253 S.W.3d at 659) (internal citations omitted). *See Hundall v. Univ. of Tex. At El Paso*, No. EP-13-00365-DCG, 2014 WL 12496895 (W.D. Tex. Feb. 21, 2014) ("Plaintiff's claims for invasion of privacy, defamation, libel, slander, civil conspiracy, fraud, harassment, victimization, negligence, gross negligence, assault, malice, and medical malpractice all arise from communications and interactions with the individual defendants at UTEP. Since Plaintiff consistently and repeatedly asserts throughout the complaint that the individual defendants were acting as 'agent[s] of UTEP,' the Court finds no reason to conclude to the contrary and thus finds that the first prong is satisfied.")

17.     Courts in this District have similarly recognized the effect of 101.106(f) and applied it to both intentional and negligence claims. *See Gomez v. Massey*, Civil 3:18-CV-348, 2019 WL 4034319 at *4 (S.D. Tex. August 27, 2019) (applying 101.106(f) to a wrongful death claim); *Carr v. City of Spring Valley*, 4:18-cv-2585, 2019 WL 1276100 at *13 (S.D. Tex. March 20, 2019) (applying 101.106(f) to wrongful death, survival and negligence claims).

18.     Here, Plaintiff's stated claims against Detention Officer Brummett could have been brought against Harris County, and section 101.106(f) applies to each of the state law claims against Detention Officer Brummett. Pursuant to TTCA section 101.106(f), Plaintiff's state tort claims must be dismissed as to Detention Officer Brummett unless Plaintiff files an amended pleading dismissing Detention Officer Brummett and naming the County for those state tort claims before the 30th day after the filing of this motion. Further, Detention Officer Brummett's motion is jurisdictional, because a motion based upon TTCA section 101.106 is a jurisdictional constraint. *See Franka*, 332 S.W.3d at 371 n.9; *Univ. of Tex. Health Sci. Cntr. at San Antonio v. Webber-Ellis*, 327 S.W.3d 233, 239-40 (Tex. App.—San Antonio 2010, no pet.) (observing that, while section 101.106 has procedural components, it is jurisdictional in nature).

19.     In a complaint remarkably similar in facts and claims, including the use of a taser, Judge Sim Lake dismissed the state law claims of wrongful death, survival, assault and battery, and negligence. *See Carr v. City of Spring Valley, et al.;* 4:18-cv-2585, Memorandum Opinion and Order, March 20, 2019, [Doc. 15 at pages 31-34].

20.     Detention Officer Brummett respectfully urges this Court to dismiss all state law

claims against her.

**F.   Qualified Immunity**

21.     Additionally, Detention Officer Brummett has qualified immunity. "Qualified immunity is an immunity from suit rather than a mere defense to liability." Whether a official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the "objective legal reasonableness" at the time the action was taken, assessed in light of rules that were "clearly established" at the time the action was taken. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "In order to conclude that the right which the official allegedly violated is 'clearly established' the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Simmons v. Creighton*, 483 U.S. 635, 640 (1987). Because the unlawfulness of Detention Officer Brummett's conduct in this case was not clearly established, she is entitled to qualified immunity.

22.     Qualified immunity may be raised in a 12(b)(6) motion to dismiss. *Simmons v. Valdez*, 845 F.3d 580, 589-90 (5th Cir. 2016). Qualified immunity recognizes that government officials may "make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law." *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012). "[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal

specificity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). Once "the district court finds a plaintiff has so pled" and "if the court remains unable to rule on the immunity defense without further clarification of the facts, it may issue a discovery order narrowly tailored to uncover only those facts to rule on the immunity claim." *Id*. "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense. *Cantrell v. City of Murphy*, 666 F.3d 911, 918 (5th Cir. 2012).

23.    "Qualified immunity is more than a mere defense to liability. It's also an immunity from suit." *Carswell v. Camp*, 54 F. 4th 307, 310 (5th Cir. Nov. 30, 2022) (citing *Pearson v. Callahan*, 555 U.S. 223, 237 (2009)).  Simply, qualified immunity is intended to shield the defendant from the burdens of defending the suit.  "And one of the most important benefits of qualified immunity defense is 'protection from pretrial discovery, which is costly, time-consuming and intrusive.'" Id. (citing *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 684-86 (2009) ("the basic thrust of the qualified immunity doctrine is to free government officials from the concerns of litigation, including disruptive discovery"). Qualified immunity, therefore, "must be determined at the earliest possible stage of the litigation." *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (per curiam). Because Detention Officer Brummett has raised qualified immunity on Plaintiffs' claims against her, discovery cannot be permitted against the immunity-asserting Detention Officer Brummett before this Court rules on the pending motion to dismiss. See *Carswell*, 54 F. 4th at 313 (internal citations omitted). Detention Officer Brummett therefore,

respectfully moves this Court to stay all discovery until her assertion of qualified immunity is resolved. A separate motion to stay discovery will also be filed.

## III.    CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant PATRICIA BRUMMETT requests that the Court grant her motion and enter an order dismissing Plaintiff's federal and state law claims against her, award her costs and attorneys' fees and grant all other relief to which she is entitled.

Respectfully submitted,

*/s/ Richard Kuniansky*
**Richard Kuniansky**
State Bar No. 24040354
440 Louisiana, Suite 1440
Houston, Texas 77002
Phone: (713) 622-8333
Email:  rkuniansky@gmail.com
**ATTORNEY FOR DEFENDANT**
**PATRICIA BRUMMETT**

## CERTIFICATE OF WORD COUNT

I certify that the word count for this motion, excluding case caption, table of content, table of authorities, signature block and certificates, is 3081.

*/s/ Richard Kuniansky*
Richard Kuniansky

## CERTIFICATE OF CONFERENCE

I certify that on March 9, 2023, undersigned counsel conferred with Plaintiffs' counsel via email regarding Defendant Brummett's Motion to Dismiss. Plaintiff's counsel is opposed to the dismissal of (1)  Plaintiff's claims pursuant to 42 U.S.C. Section 1983 for failure to state a claim upon which relief can be granted, (2) Plaintiff's State Court claims for

-12-

Wrongful Death, Survival, Negligence, Gross Negligence,  Assault and Battery and Loss of Consortium, and (3) Defendant's claim of Qualified Immunity.

*/s/ Richard Kuniansky*
Richard Kuniansky

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2023, a true and correct copy of the pleading was served by ECF notification on all parties of record.

*/s/ Richard Kuniansky*
Richard Kuniansky

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LASHONDA BIGGLES,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-cv-3326** |
| | § | **JUDGE CHARLES ESKRIDGE** |
| **HARRIS COUNTY, TEXAS,** *et. al*, | § | |
| **Defendants.** | § | |

**ORDER**

Defendant Patricia Brummett's Motion to Dismiss Plaintiff's First Amended Complaint [Doc. #51] is GRANTED.

SO ORDERED.

Signed on _____, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge