# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| LASHONDA BIGGLES, <br>     Plaintiff, | § <br> § <br> § | |
| v. | § <br> § | Civil Action No. 4:22-cv-3326 <br> JUDGE CHARLES ESKRIDGE |
| HARRIS COUNTY, TEXAS, *et. al*, <br>     Defendants. | § <br> § <br> § | |

## DEFENDANT DETENTION OFFICER PATRICIA BRUMMETT'S
## UNOPPOSED MOTION TO STAY DISCOVERY

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant, DETENTION OFFICER PATRICIA BRUMMETT ("D.O. Brummett"), files this Unopposed Motion to Stay Discovery, and in support of said response, would respectfully show the Court as follows:

NATURE AND STAGE OF PROCEEDINGS

1. This civil rights lawsuit stems from the death of Jaqueree Simmons, while incarcerated, on February 17, 2021. Plaintiff alleges claims pursuant to 42 U.S.C. Section 1983 and other federal statutes and state law theories against Harris County and its Detention Officers in the Harris County Sheriff's Office ("HCSO"). [Doc. #51].

STATEMENT OF FACTS NECESSARY TO RESOLUTION OF THE MOTION

2. The Harris County District Attorney's Office has initiated a criminal investigation surrounding the incident alleged in Plaintiff's First Amended Complaint. One of the officers, Detention Officer Morales, has already been indicted. The United States Department of Justice has also initiated an investigation into the death of Mr. Simmons.

STATEMENT OF ISSUES REQUIRING RESOLUTION

3. Whether discovery in this civil case should be stayed pending the criminal investigation(s)?

STANDARD OF REVIEW AND AUTHORITY

4. In *Slack v. City of San Antonio, Texas*, 2019 WL 11097069 (W.D.TX), the Court stated "[s]ix factors are considered to determine whether a stay of the civil proceedings is warranted when a defendant requests a stay of the civil proceedings based on a conflict of interest with their Fifth Amendment privilege. These six factors are as follows:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interest of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

ARGUMENT AND CITATION OF AUTHORITY

5. Discovery should be stayed to protect the Defendants' Fifth Amendment privilege against self-incrimination. This issue was discussed at length in *Longoria v. County of Dallas, Texas*, 2015 WL 3822233 (N.D. TX). The Court quoting the Fifth Circuit stated:

> "[c]ertainly, a district court may stay a civil proceeding during the pendency of a parallel criminal proceeding." *United States v. Little Al,* 712 F.2d 133, 136 (5th Cir.1983). And, as Plaintiff acknowledges, the Fifth Circuit has held that, "[i]n special circumstances, ... a district court should stay one of the proceedings pending completion of the other to prevent a party from suffering substantial and irreparable prejudice." *First Fin.,* 659 F.2d at 668 (internal quotation marks omitted).

The Court in *Longoria* then abated discovery "until such time as a verdict of not guilty has

been returned or sentencing has been completed ...".

6.  In *Slack v. City of San Antonio, Texas*, 2019 WL 11097069 (W.D.TX), the Court stated "[s]ix factors are considered to determine whether a stay of the civil proceedings is warranted when a defendant requests a stay of the civil proceedings based on a conflict of interest with their Fifth Amendment privilege. These six factors are as follows:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interest of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

The first factor of "the extent to which the issues in the criminal case overlap with those presented in the civil case", is generally regarded as the most important factor in the analysis. *Id.* In this case, the § 1983 action is premised on the alleged use of excessive force by the Officers. The criminal investigation is based on identical facts and allegations. Therefore, the most important factor weighs in favor of a stay.

Turning to the second factor, although a stay is "most appropriate" when the Defendants have been indicted, the Fifth Amendment privilege also protects one against being indicted. Moreover,

> a defendant in a civil proceeding who invokes the Fifth Amendment as a result of an overlapping criminal investigation or proceeding, "risk[s] the adverse inference arising from [his] assertion of the privilege." The Supreme Court has explained "that the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." (citations ommitted).

In this case, one detention officer has already been indicted (Detention Officer

Morales) and there are ongoing investigations by Harris County and the United States Department of justice

Turning to the third factor, although the Plaintiff certainly has an interest in expeditiously prosecuting their claim, Courts "may require a Plaintiff to establish more prejudice than simply a delay in its right to expeditiously pursue his claim."

Turning to the fourth factor,

The Court agrees that the fourth factor supports the stay of this case because "[a] defendant facing simultaneous civil and criminal proceedings may be burdened by the choice between 'invoking his Fifth Amendment rights [and] jeopardiz[ing] his defense in the civil suit, where an adverse inference may be drawn from the defendant's silence.' " *Brown v. Kenner Police Dep't*, Civil Action No. 17-3445, 2017 WL 5157563, at *2 (E.D. La. Nov. 7, 2017); *see Walker v. Wilburn*, Civil Action No. 3-13-CV-4896-D, 2015 WL 5873392, at *8 (N.D. Tex. Oct. 5, 2015) (finding this factor in favor of stay because absent a stay, officer faced a conflict between asserting Fifth Amendment rights and fulfilling legal obligations as a witness in the civil case; also finding the officer had an interest in staying the civil trial to avoid "exposing her criminal defense strategy to the prosecution").

Turning to the fifth factor, the Court stated:

Here the case has been pending in this Court for a little over seven months. Accordingly, a stay will not "unduly interfere with the management of its docket." *Id.* (finding case pending for over two years did not unduly interfere with the management of the court's docket). This factor also supports a stay.

Turning to the sixth factor, the Court stated:

This factor looks at the public's interest in " 'both the prompt resolution of civil cases as well as the prosecution of criminal cases.' " *Jackson v. Pamerleau*, No. 5:15-CV-524-DAE, 2016 WL 393552, at *7 (W.D. Tex. Feb. 2, 2016) (quoting *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 765 (W.D. Tex. 2008)). "Typically, this factor only weighs against a grant of a stay where a civil case is pending and no criminal investigation has begun."

*Id.; see Brown v. Kenner Police Dep't*, Civil Action No. 17-3445, 2017 WL 5157563, at *2 (E.D. La. Nov. 7, 2017). ... Given that a review and criminal investigation of the incident has begun, this factor, therefore, also weighs in favor of a stay.

In short, all six factors in the present case either weigh strongly in favor of a stay, or at most, do not weigh against a stay.

7. Additionally, Detention Officer Brummett has qualified immunity. "Qualified immunity is more than a mere defense to liability. It's also an immunity from suit." *Carswell v. Camp*, 54 F. 4th 307, 310 (5th Cir. Nov. 30, 2022) (citing *Pearson v. Callahan*, 555 U.S. 223, 237 (2009)). Simply, qualified immunity is intended to shield the defendant from the burdens of defending the suit. "And one of the most important benefits of qualified immunity defense is 'protection from pretrial discovery, which is costly, time-consuming and intrusive.'" Id. (citing *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 684-86 (2009) ("the basic thrust of the qualified immunity doctrine is to free government officials from the concerns of litigation, including disruptive discovery"). Qualified immunity, therefore, "must be determined at the earliest possible stage of the litigation." *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (per curiam). Because Detention Officer Brummett has raised qualified immunity on Plaintiffs' claims against her, discovery cannot be permitted against the immunity-asserting Detention Officer Brummett before this Court rules on the pending motion to dismiss. See *Carswell*, 54 F. 4th at 313 (internal citations omitted). Detention Officer Brummett therefore, respectfully moves this Court to stay all discovery until her

assertion of qualified immunity is resolved.

CONCLUSION

In conclusion, as in *Longoria, supra,* and *Slack, supra*, an analysis of the six factors weighs strongly in favor of granting a stay of discovery. As in *Carswell, supra*, Detention Officer Brummett's assertion of qualified immunity weighs strongly in favor of granting a stay of discovery pending her motion to dismiss.

Respectfully submitted,

*/s/ Richard Kuniansky*
**Richard Kuniansky**
State Bar No. 24040354
440 Louisiana, Suite 1440
Houston, Texas 77002
Phone: (713) 622-8333
Email: rkuniansky@gmail.com
ATTORNEY FOR DEFENDANT
DETENTION OFFICER PATRICIA
BRUMMETT

## **CERTIFICATE OF WORD COUNT**

I certify that the word count for this motion, excluding case caption, table of content, table of authorities, signature block and certificates, is 1473.

*/s/ Richard Kuniansky*
Richard Kuniansky

## **CERTIFICATE OF CONFERENCE**

I certify that on March 9, 2023, undersigned counsel conferred with Plaintiffs' counsel via email regarding Defendant Brummett's Motion to Stay Discovery. Plaintiff's counsel stated he is unopposed to the granting of this motion, subject to Plaintiff's ability to petition the Court to lift the stay.

*/s/ Richard Kuniansky*
Richard Kuniansky

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 10, 2023, a true and correct copy of this pleading was served by ECF notification on all parties of record.

                              */s/ Richard Kuniansky*
                              Richard Kuniansky

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| LASHONDA BIGGLES, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-3326 |
| | § | JUDGE CHARLES ESKRIDGE |
| HARRIS COUNTY, TEXAS, *et. al*, | § | |
|     Defendants. | § | |

## ORDER

Defendant Patricia Brummett's Unopposed Motion to Stay Discovery is GRANTED. Discovery in this case is stayed until further order of this Court, subject to Plaintiff's ability to petition the Court to lift the stay.

SO ORDERED.

Signed on _____, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge