United States District Court
Southern District of Texas
**ENTERED**
June 25, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARHONDA BIGGLES, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:22-cv-03326 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| HARRIS COUNTY, | § | |
| TEXAS, *et al*, | § | |
| Defendants. | § | |

## ORDER PARTIALLY LIFTING STAY

This case is currently stayed and administratively closed due to parallel criminal proceedings that are in process. Dkt 82; see also Dkts 77, 78 & 79.

The motion by Plaintiff Larhonda Biggles to partially lift the stay to permit the taking of limited discovery is granted. Dkt 102.

1. Background

Plaintiff Larhonda Biggles is the administrator of the estate of Jaquaree Simmons. He died while in custody at the Harris County jail. She alleges that correctional officers attacked and struck Simmons in the head multiple times while other officers watched. Dkt 1 at ¶¶12–13, 21–24. He was examined by a doctor, and an x-ray was ordered, but he was never taken back for an x-ray. Id at ¶¶29–32, 34. He was found unresponsive in his cell the next day and declared dead shortly after. Id at ¶¶38–42. His death was ruled a homicide. Id at ¶43.

Biggles filed this wrongful death and survival action against Defendants Harris County, Harris County Sheriff's Office, Harris County Sheriff Ed Gonzalez, jail medical staff, and seventeen individual correctional officers. See

Dkts 1 & 102 at 4. Against the individual Defendants, she brings claims under 42 USC §1983 for excessive force, failure to intervene, and deliberate indifference to a serious medical need in violation of the Fourteenth Amendment. Dkt 1 at ¶¶79–97. Against the Harris County Defendants, she brings a claim for municipal liability pursuant to *Monell v Department of Social Services of the City of New York*, 436 US 658 (1978). Id at ¶¶98–102.

Defendant Eric Morales is one of the involved correctional officers. He was indicted by the Harris County District Attorney and charged with manslaughter several months after this lawsuit was filed. See Dkt 102 at 5. And more generally, the FBI has opened a criminal investigation into Simmons's death. Ibid.

This action was stayed upon unopposed motion by three of the correctional officer defendants in order to protect their Fifth Amendment privileges while the parallel criminal proceedings are ongoing. See Dkts 77, 78, 79 (motions) & 82 (order). Biggles now seeks to lift the stay in part. Dkt 102. She proposes to open discovery for two limited purposes:

- o To serve a Rule 34 request for production of documents generated by the Harris County Sheriff's Office in its administrative investigation into the death of Simmons; and
- o To seek discovery related to her municipal liability claim.

The proposed discovery wouldn't include anything related to Simmons's death (aside from the already-created documents from the Sheriff's Office administrative investigation) or discovery from any of the individual correctional officer defendants. And as to the municipal liability claim, discovery would be limited to *other* incidents in Harris County jail similar to the circumstances surrounding Simmons's death, along with general responses and policies of Harris County policymakers relating to supervision and oversight of jail operations. Id at 1, 13.

Notably, the individual Defendants themselves don't oppose the proposed partial lifting of the stay. Instead, the Harris County Defendants oppose lifting the stay in any way. Id at 1–2.

2. Legal standard

District courts have discretion to stay civil actions pending resolution of a parallel criminal proceeding when the interests of justice so require. *Whitney National Bank v Air Ambulance ex rel B&C Flight Management, Inc*, 2007 WL 1468417, *2 (SD Tex), citing *United States v Kordel*, 397 US 1, 12 n 27 (1970) (other citations omitted). District courts in the Fifth Circuit consider the following factors in exercising this discretion to issue, tailor, or maintain a stay:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case;
> 
> (2) the status of the case, including whether the criminal defendant has been indicted;
> 
> (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to plaintiff caused by the delay;
> 
> (4) the private interests of and burden on the defendants;
> 
> (5) the interests of the courts; and
> 
> (6) the public interest.

Ibid; see also *Reed-Veal v Encinia*, 2016 WL 6915963, *3 (SD Tex) (applying factors in §1983 case and allowing discovery as to defendants not involved in parallel criminal proceedings); *Alcala v Texas Webb County*, 625 F Supp 2d 391, 398–99 (SD Tex 2009) (collecting cases).

3. Analysis

Lifting the stay in the limited manner proposed by Biggles is appropriate under the above factors.

*As to the extent to which the issues in the criminal case overlap with this case,* it is extensive, with both involving the same incident and individuals. But Biggles proposes to

3

limit discovery to the Harris County Defendants, who are not being investigated or indicted; to incidents other than Simmons's death; and to only documentary evidence regarding the administrative investigation into Simmons's death. Such discovery doesn't itself overlap in a prejudicial way with the ongoing criminal investigations. And the individual correctional officers sued here—who are the ones facing criminal proceedings—don't oppose lifting the stay in this manner. This factor weighs in favor of lifting the stay. See *Martinez v City of New York*, 2023 WL 6877906 (SDNY) (under similar facts, finding substantial overlap and still lifting stay as to municipal liability issues and non-indicted defendants).

*As to the status of the case,* the criminal investigations are ongoing, and one defendant has been indicted. This factor would weigh against lifting the stay were the discovery targeted at the individual correctional officers. But it isn't, and so this factor is neutral.

*As to the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to the plaintiff caused by the delay,* Biggles has already experienced prejudice, which will expand with further delay. Simmons died over three years ago. No discovery has been exchanged yet. Passage of time will make it more difficult for Biggles to make her case as witnesses become unavailable, memories fade, and the risk of losing documents increases. This weighs in favor of lifting the stay.

*As to the private interests of and burden on the defendants,* the individual correctional officers won't be burdened under the proposed limited discovery, which is tailored toward the Harris County Defendants, who are not themselves facing parallel criminal proceedings. Even so, the Harris County Defendants argue that they would be burdened because they need discovery from the individual correctional officers in order to defend against the municipal liability claim. Dkt 103 at 5. And they will have such discovery—at the appropriate time, once the stay is fully lifted after the conclusion of the criminal proceedings. In the unlikely event that Biggles brings a dispositive or

other motion that in fairness requires discovery from the individual correctional officers in order to make a proper response, these concerns can be addressed then. As of now, this factor weighs in favor of lifting the stay.

*As to the interests of the courts,* the criminal case proceeds without hindrance. And this Court has an interest in efficiently managing its docket, especially given the age of this case. See *Reed-Veal*, 2016 WL 6915963 at *3. Simply put, discovery should begin to the extent possible. This factor weighs in favor of lifting the stay.

*As to the public interest,* it is satisfied under the above analysis. Civil litigation must proceed in a timely manner, absent prejudice to some other party. And here, it may so proceed, while maintaining the rights of the individual correctional officers, who don't oppose the lifting of the stay in this manner. See *Alcala*, 625 F Supp 2d at 407. A prompt resolution also benefits the public in that it may uncover problems in the Harris County jails that require correction. See *Ntakirutimana v CHS/Community Health Systems, Inc*, 2010 WL 3810007, *3 (SD Tex). This factor weighs in favor of lifting the stay.

The balance of pertinent factors weighs in favor of lifting the stay in the manner requested by Biggles. Her motion will thus be granted.

4. Conclusion

The motion by Plaintiff Larhonda Biggles for partial lifting of stay to permit the taking of limited discovery is GRANTED. Dkt 102.

The prior order staying this action and administratively closing is otherwise MAINTAINED. Dkt 82.

SO ORDERED.

Signed on June 21, 2024, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge